UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERAD T. ENGLISH,<br><br>              Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY, et al.,<br><br>              Defendants. | CASE NO. C17-5574 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Pierce County's ("County") motion to dismiss (Dkt. 9). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 7, 2017, the Court granted Plaintiff Jerad English's ("English") motion to proceed *in forma pauperis* and accepted his complaint. Dkt. 2. English asserts a cause of action under 42 U.S.C. § 1983 against the County for failure to properly administer the Department of Assigned Counsel ("DAC") and failure to properly train the attorneys working there. *Id.*

On October 26, 2017, the County filed a motion to dismiss. Dkt. 9. On November 30, 2017, the Court granted English's motion for an extension of time to respond and noted the County's motion for consideration on the Court's December 8, 2017 calendar. Dkt. 12. English did not respond.

## II. DISCUSSION

As a threshold matter, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules, W.D. Wash. LCR 7(b)(2). The Court considers English's failure to respond as an admission that the County's motion has merit.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, the County has established that English's complaint should be dismissed for numerous reasons. First, the County argues that English's federal claim is barred by the three-year statute of limitations. Dkt. 9 at 6–9. The Court agrees. English

alleges that, on November 1, 2013, he learned that his assigned counsel gave him incorrect advice regarding an out of state warrant for his arrest. Dkt. 3, ¶ 16. English filed his complaint in July of 2017, which is more than three years after the date he allegedly received incorrect advice. Therefore, English's § 1983 claim is barred by the statute of limitations.

Second, the County argues that English fails to state a plausible claim for relief. Specifically, the County asserts that English fails to allege a systemic failure by DAC to provide counsel for the accused, that the County acted with deliberate indifference, or that the County's alleged failures were the cause of English's injuries. The Court agrees that the complaint lacks sufficient allegations to establish the elements of a § 1983 claim. Therefore, the County has established that English has failed to state a claim on the merits.

Regarding the appropriate relief, in the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Although English could possibly correct the identified deficiencies regarding the merits of his claim, the Court finds that any amendment would be futile because his claim is barred by the statute of limitations. Therefore, the Court dismisses English's § 1983 claim with prejudice.

Regarding the state law claims, a district court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In this case, the

Court declines to exercise supplemental jurisdiction over English's state law claims and dismisses them without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the County's motion to dismiss (Dkt. 9) is **GRANTED**; English's § 1983 claim is **DISMISSED with prejudice**; English's state law claims are **DISMISSED without prejudice**; and the Clerk shall close this case.

Dated this 23rd day of January, 2018.

BENJAMIN H. SETTLE
United States District Judge